**AUGUSTINE SANSONE, a widow, v. DUNN BUS SERVICE, INC.**

23 So. (2nd) 384                                               June Term, 1945
September 25, 1945                                              Division A

*Carl T. Hoffman, N. J. Durant* and *Hoffman & Durant,* for appellant.

*Worley, Gautier & Cannon,* for appellee.

ADAMS, J.:

This appeal is from a judgment for defendant based on a directed verdict.

Plaintiff sued for the wrongful death of her husband resulting from the negligent operation of the defendant's bus.

The following excerpt from the record will reveal the case made:

"Q. Your name is Alfred F. Draycott?

"A. Yes.

"Q. Were you an employee of the Dunn Bus Service, Incorporated, the defendant in this case, in October, 1940?

"A. Yes.

"Q. Do you recall the occasion when a bus of the Dunn Bus Service, Incorporated, which you were driving, struck a

pedestrian on the north line of Fifth Street, Northwest, at the intersection of Northwest 17th Avenue, Miami, Florida, at about 10:50 P. M., October 25, 1940?

"A. Yes.

\* \* \*

"Q. Did you have good brakes on the bus on that occasion?

"A. Yes.

"Q. After the accident you also made a statement, did you not, that at the time of the accident you were driving the bus at the rate of five miles an hour?

"A. Approximately; yes.

"Q. Is that also true?

"A. Yes.

"Q. I believe you also stated that at the time, you were driving in low gear?

"A. Yes.

"Q. Did you have control of your bus at all times?

"A. Perfect; yes.

"Q. You had perfect control of it?

"A. Yes.

"Q. I understand you also made a statement that at the moment of the contact or impact of the pedestrian and the bus, that you stopped within a foot? Do you remember that statement?

"A. Within three feet. I would say.

"Q. Did you make a statement that you stopped within a foot?

"A. Within three feet or less, I would say.

"Q. You stated not less than three feet, anyway?

"A. Yes.

"Q. You had good brakes?

"A. Yes.

"Q. You had control of the bus?

"A. Yes.

"Q. Were the headlights of your bus burning at that time?

"A. Yes.

\* \* \*

"Q. Where did you first see the pedestrian that the bus struck: where was he when you first saw him?

"A. When I first saw him he was approximately two feet in front of the bus when I had covered three-quarters of the intersection.

"Q. And where did the impact take place?

"A. Well, just south of the intersecting line of 5th Street and 17th Avenue.

"Q. In other words, you only traveled a distance of approximately two feet from the time you first saw him until the time of the impact?

"A. Yes.

"Q. What did you do when you first saw him?

"A. Made an emergency stop.

"Q. What side of the street were you on?

"A. Right.

"Q. You were going in what direction?

"A. North.

"Q. You were on the right-hand side?

"A. Yes.

"Q. You had stopped at the south side of 5th Street?

"A. Yes.

"Q. You were on 17th Avenue?

"A. Yes.

"Q. And you had stopped at the south intersecting side of 5th Street?

"A. That is right.

\* \* \*

"Q. You waited for traffic to be cleared before you started North?

"A. Yes.

"Q. You say you had only traveled approximately three-quarters of the way across the intersection before the impact?

"A. Yes.

"Q. From a dead standstill?

"A. That is right.

\* \* \*

"Q. At the moment you saw the pedestrian was he looking towards you?

"A. No sir."

Upon this statement of facts there was no question of fact for the jury to decide. No actionable negligence was proven and therefore the question of contributory negligence and last clear chance is wholly immaterial.

The judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.